Filed 7/7/26  P. v. Mazyck CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>EDGAR MAZYCK,<br><br>        Defendant and Appellant. | B345753<br><br>(Los Angeles County<br>Super. Ct. No. YA082430) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed as modified.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Stephanie C. Brenan and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

─────────────────────

**MEMORANDUM OPINION[1]**

In 2013, a jury found defendant Edgar Mazyck guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1) and forcible oral copulation (former Pen. Code, § 288a, subd. (c)(2)(A); count 2).[2] As to count 1, the jury found true the allegation that Mazyck personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). As to count 2, the jury found true allegations that Mazyck used a deadly weapon during the commission of the crime within the meaning of section 667.61, subdivisions (b) and (e)(3), and within the meaning of section 12022.3, subdivision (a), and that Mazyck inflicted great bodily injury on the victim during the commission of the crime (§ 667.61, subds. (a), (d)(6)). The jury subsequently found true that Mazyck had served six prior prison terms (§ 667.5, subd. (b)) and that he had one prior strike (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

As a panel of this court described in the opinion resolving Mazyck's direct appeal: "At sentencing, the trial court declined to exercise its discretion to strike the prior serious felony conviction so as to sentence appellant without the provisions of the Three Strikes law. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th

───────────────

[1] We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2] All further undesignated statutory references are to the Penal Code.

2

497.) The trial court sentenced appellant to an aggregate term in state prison of 77 years to life, consisting of a doubled, determinate upper base term of four years, or eight years, for the assault in count 1, enhanced by a term of three years for the infliction of great bodily injury and by six years for the service of the prior separate prison terms. For count 2, pursuant to the Three Strikes and One Strike laws, it imposed a consecutive doubled, indeterminate term of 25 years to life, or 50 years to life. (§ 667.61, subds. (a), (c)(7) & (e)(6).) The trial court then imposed a further 10-year fully consecutive determinate upper term for the finding of use of a deadly and dangerous weapon in the commission of count 2." (*People v. Mazyck* (Nov. 19, 2014, B247130) [nonpub. opn.].)

On appeal in late 2014, the reviewing court concluded the trial court erred by using the infliction of great bodily injury circumstance to enhance the sentence under section 667.61, subdivision (a) on count 2 and to also enhance the sentence on count 1 under section 12022.7, subdivision (a). The court struck the section 12022.7, subdivision (a) enhancement imposed on count 1 and ordered the accompanying three-year term vacated. In 2015, the clerk of the Superior Court amended the abstract of judgment accordingly, reducing the aggregate sentence to 74 years to life.

Effective January 1, 2022, section 1172.75, subdivision (a) invalidated section 667.5, subdivision (b) prior prison term enhancements imposed before January 1, 2020. With exceptions not relevant here, the statute requires that sentences that include these invalid enhancements be recalled and the defendant resentenced. Mazyck petitioned for resentencing under this provision. He asked that the trial court reduce his

3

sentence in multiple ways, including by dismissing his prior strike. The People opposed any modifications to the sentence other than striking the now invalid one-year prior prison terms imposed under section 667.5, subdivision (b).

The trial court struck the six one-year prior prison terms but declined to otherwise modify the sentence. However, although this court had previously vacated the three-year term imposed on count 1 pursuant to section 12022.7, subdivision (a), in resentencing Mazyck, the trial court again imposed the enhancement and three-year term.

The parties agree this was error, as do we. The great bodily injury enhancement imposed as to count 1 must be stricken and the three-year term vacated.

Mazyck further contends, and the People agree, that at resentencing, the trial court failed to calculate Mazyck's actual custody credits, resulting in an incorrect abstract of judgment. In *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 (*Buckhalter*), the California Supreme Court held that "when a prison term already in progress is modified . . . the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (See § 2900.1.) Here, the abstract of judgment issued following the resentencing identified Mazyck's actual custody credits as 570 days—the custody credit he was awarded at the original sentencing.

Mazyck was arrested on September 30, 2011. As he indicates in his appellate briefing, as of the date of resentencing, April 3, 2025, he was entitled to 4,935 days of actual custody

4

credit.[3]  The abstract of judgment must be amended to reflect these custody credits.

Finally, the People point out, and we agree, that the $240 restitution fine imposed pursuant to section 1202.4, subdivision (b), and reimposed at resentencing, must be vacated. As of January 1, 2025, after 10 years have elapsed following the imposition of a section 1202.4 restitution fine, any remaining balance is unenforceable and uncollectible.  "[A]ny portion of a judgment imposing those fines shall be vacated." (§ 1465.9, subd. (d).)

We therefore modify the judgment to: strike the section 12022.7, subdivision (a) enhancement imposed as to count 1 and vacate the three-year term; reflect 4,935 days of actual custody credit; and vacate the $240 restitution fine.  The trial court is to prepare an amended abstract of judgment reflecting these modifications.

---

[3]  To the extent Mazyck contends that the trial court was required to recalculate *conduct* credits for the period before the original sentencing hearing or otherwise, we disagree. Resentencing did not change the conduct credits awarded before the original sentencing and, as explained in *Buckhalter*, the trial court's obligation to recalculate custody credits following a resentencing is limited to actual custody credits.  (*Buckhalter*, *supra*, 26 Cal.4th at pp. 37, 40–41.)  The California Department of Corrections and Rehabilitation is responsible for calculating any postsentence custody credits.  (*People v. Dean* (2024) 99 Cal.App.5th 391, 397.)

## DISPOSITION

The judgment is modified to strike the section 12022.7, subdivision (a) enhancement imposed as to count 1 and vacate the three-year term imposed pursuant to the enhancement; reflect a recalculated award of 4,935 days of actual custody credit; and strike the $240 restitution fine imposed pursuant to section 1202.4, subdivision (b).  In all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting these modifications.  A copy of the amended abstract of judgment is to be transmitted to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, Acting P. J.

We concur:


HANASONO, J.


OCHOA, J.*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.